# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAVONNE K. COGBURN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-CV-462-JHP |
| | ) | |
| 5 STAR LIFE INSURANCE COMPANY | ) | |
| and STEVE E. ATKINSON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION

Before the Court is Plaintiff's Motion to Remand, Defendants' Response in opposition, and Plaintiff's Reply thereto. For the reasons stated herein, Plaintiff's Motion is GRANTED in part and DENIED in part.

## Background

On September 27, 2006, Plaintiff Lavonne K. Cogburn filed the present action in the District Court for Pittsburg County against Defendants 5 Star Life Insurance Company and Steve E. Atkinson. In her Petition, Plaintiff asserts that on or about November 11, 2003, Plaintiff purchased a life insurance policy from Defendant 5 Star through its agent, Defendant Atkinson. The policy apparently provided for benefits of $50,000, 30% of which was payable in the event that Plaintiff suffered a heart attack, stroke, cardiac surgery, life threatening cancer, or other terminal condition.

Following the purchase of her insurance policy, Plaintiff suffered a stroke. On or about April 2, 2005, Plaintiff submitted an Application for Accelerated Payment of Benefits to Defendant 5 Star. Defendant 5 Star subsequently denied Plaintiff's claim and rescinded the

policy, prompting Plaintiff to file suit against both Defendants in state court asserting various claims, including breach of contract, bad faith, and fraud. In particular, Count II of Plaintiff's state court petition alleges that in promoting the sale of the insurance policy to Plaintiff, Defendant Atkinson made certain fraudulent representations concerning Plaintiff's coverage under the policy. Plaintiff asserts that she was induced by Defendant Atkinson's fraudulent representations into purchasing the policy and, as a result of her reliance on these representations, suffered damages including loss of benefits and emotional distress. On October 20, 2006, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441-1448.

## Discussion

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendant contends that this Court has original jurisdiction over this action based upon 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). Defendants' Notice of Removal establish that Plaintiff is a citizen of Oklahoma. Likewise, the Notice of Removal clearly establishes that Defendant 5 Star, a corporation organized under the laws of Louisiana and with its principle place of business in Virginia, is a citizen of Louisiana and Virginia. *See* 28 U.S.C. § 1332(c)(1) ("For the purposes of [§ 1332] . . . a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). The record also establishes, however, that Defendant Atkinson is a citizen of Oklahoma. Thus, from the face of the Petition and the Notice of

Removal, it appears that complete diversity between Plaintiff and both defendants does not exist in this case, depriving this Court of original jurisdiction over this action.

In nevertheless arguing in favor of this Court's jurisdiction and against remand, Defendants assert that "Plaintiff has fraudulently and wrongfully named [Defendant] Atkinson . . . for the sole purpose of attempting to defeat removal based on diversity of jurisdiction." (Defs.' Notice of Removal ¶ 5.) As the U.S. Supreme Court has long recognized, a nonresident defendant's statutory right of removal "cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). However, "[t]he case law places a heavy burden on the party asserting fraudulent joinder." *Montano v. Allstate Indemnity*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. April 14, 2000) (unpublished table decision).[1] In *Montano*, the Tenth Circuit summarized the standard for evaluating claims of fraudulent joinder as follows:

> To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is *no possibility* that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has *any possibility of recovery* against the party whose joinder is questioned.

*Id*. (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)) (emphasis added); *see also Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2nd Cir. 1998); *Rodriguez v. Sabatino*, 120

---

[1] The court recognizes that in the Tenth Circuit, "[c]itation to unpublished decisions is disfavored. 10th Cir. R. 36.3(B). Nevertheless, because the Tenth Circuit has not clearly set forth in a published opinion the precise evidentiary standard for fraudulent joinder claims, the Court finds that *Montano* has persuasive value with respect to this issue and is of assistance in the Court's disposition of this case. *See* 10th Cir. R. 36.3(B)(1)-(2).

F.3d 589, 591 (5th Cir. 1997). Although removability should ordinarily "be determined by the original pleadings . . . upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). Nevertheless, "there is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Thus, "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citations omitted).

In an attempt to meet their heavy burden to demonstrate that Defendant Atkinson was fraudulently joined, Defendants first argue that "[t]here is no possibility that Plaintiff will be able to establish a cause of action against Defendant Atkinson in an Oklahoma Court or in this Court" (Defs.' Notice of Removal ¶ 6) because "Plaintiff's Petition . . . in the Pittsburg County Lawsuit alleged 'Fraud, False Representation, Concealment and Decei[]t' but fails to plead such a claim with particularity as required by [Okla. Stat. tit. 12, § 2009(B)]"[2] (Def.'s Notice of Removal ¶ 7). Likewise, in his Motion to Dismiss Plaintiff's claims against him pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, Defendant Atkinson argues that Plaintiff's Petition "fail[s] to plead her fraud claim with particularity as required by Fed. R. Civ. P. 9(b)."[3] (Def.'s Mot. Dismiss 1.) Taken together, the gist of the Defendants argument appears to be that proof of Plaintiff's failure to plead with particularity as required by Rule 9(b) or its state analog, which would justify dismissal pursuant to Rule 12(b)(6), is also sufficient to

---

[2] Okla. Stat. tit. 12, § 2009(B) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

[3] Like its Oklahoma counterpart, Rule 9(b) also provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

satisfy Defendants' heavy burden of proving fraudulent joinder. Indeed, Defendants state as much, asserting that "since the Petition fails to state a claim against [Defendant] Atkinson . . . it is obvious that [Plaintiff] cannot state a claim against [Defendant Atkinson]." (Defs.' Resp. Pl.'s Mot. Remand 6.)

As the Tenth Circuit has noted, however, the standard for fraudulent joinder "is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Montano,* 2000 WL 525592 at *2. This distinction embraces the fact that proof that "there is *no possibility* that [plaintiff] would be able to establish a cause of action against [the joined party]," *Montano*, 2000 WL 525592 at *1 (emphasis added), is far different from proving that a plaintiff has failed to state a claim against the same party with the requisite particularity. Thus, whether Plaintiff has failed to plead her fraud claim against Defendant Atkinson with particularity does not, as Defendant suggests, equate to a finding of fraudulent joinder where, as here, Plaintiff "would likely have been given the opportunity to amend their complaint under state law, and any deficiency in the pleading of [the] fraud claim would likely have been cured in an amended complaint." *Harrison v. Adams*, No. Civ. A. 2:05-0411, 2006 WL 1049493, *4 (S.D.W.Va. April 18, 2006); *see* Okla. Stat. tit. 12, § 2015(A) (providing that although "a party may amend his pleading only by leave of court or by written consent of the adverse party," such leave "shall be freely given when justice so requires"); *Marshall v. Allstate Ins. Co.*, 805 P.2d 689, 691 (Okla. Ct. App.1990) ("If the underlying circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). As the district court noted in *Harrison*, "[t]o hold otherwise would create the harsh result of dismissal with prejudice against the nondiverse

defendant for a mere pleading defect." *Harrison*, 2006 WL 1049493 at *4.

Indeed, the Tenth Circuit's decision in *Nerad v. Astrazeneca Pharmaceuticals, Inc.*, No. 05-6128, 2006 WL 2879057 (10th Cir. October 11, 2006),[4] cited by Defendants in their Response to Plaintiff's Motion to Remand, supports this conclusion. In *Nerad*, the Tenth Circuit, in attempting to resolve the question of whether it had authority to review a district court's decision to remand based on the plaintiff's ability to amend a pleading that lacked specificity under Rule 9(b), noted that "[a]lthough the court considered whether future amendments might allow [the plaintiff] to state his claims with sufficient particularity to satisfy Fed. R. Civ. P. 9(b), it did so only in order to determine whether there was a 'possibility that the non-diverse party could be liable to the plaintiff in state court.'" *Nerad*, 2006 WL 2879057 at *3. In so holding, the Tenth Circuit implicitly recognized that a district court may consider the potential that an amendment might cure any defect in pleadings as a basis for finding that a defendant has not met its burden of establishing fraudulent joinder by through the lack of specificity in a plaintiff's pleadings.

The Court also finds instructive the reasoning in *Todd Holding Co. Inc. v. Super Valu Stores, Inc.*, 744 F. Supp. 1025 (D. Colo. 1990). In *Todd*, the plaintiffs moved to remand the case to state court based upon the lack of diversity between the plaintiff and one defendant. In response, the defendants alleged that the plaintiffs had fraudulently joined the nondiverse defendant and filed a motion to dismiss the nondiverse defendant. The defendants argued that if the district court dismissed the plaintiffs' claims against the nondiverse defendant, then complete diversity would exist and jurisdiction would be proper. After noting that "the gravamen of the defendants' motion to dismiss is that the plaintiffs failed to allege each element of fraud, and

---

[4] Like *Montano*, *Nerad* is an unpublished decision. Nevertheless, the Court finds it instructive on this issue.

failed to plead fraud with particularity as required by Rule 9(b)," *Id*. at 1028, the district court nevertheless reasoned that "[i]f there is a possibility that the plaintiff has stated a cause of action, the joinder is not fraudulent, and the cause should be remanded. Nor will a merely defective statement of the plaintiff's action warrant removal." *Id*. (quoting *Dailey v. Elicker*, 447 F. Supp. 436, 439 (D. Colo. 1978)).

As in the cases noted above, the Court concludes that even if Plaintiff's claims against Defendant Atkinson are defective under Rule 9(b), proof of that inadequacy is insufficient to "demonstrate that there is *no possibility* that [Plaintiff] would be able to establish a cause of action against [the joined party] in state court." *Montano*, 2000 WL 525592 at *1 (emphasis added). In her state court petition, Plaintiff alleges (1) that Defendant Atkinson represented to Plaintiff that she would be covered by the provisions of the insurance policy, (2) that this representation was false, (3) that Defendant Atkinson either knew this representation was false or made this representation recklessly and without knowledge of its truth, false or made his representation with recklessly and without knowledge of its truth, (4) that Plaintiff reasonably relied on Defendant Atkinson's representation, (5) that Defendant Atkinson made this representation with the intent to induce Plaintiff to purchase the insurance policy at issue, and (6) that as a result of Defendant's misrepresentation, Plaintiff suffered various harms, including loss of benefits, mental and emotional distress, and financial hardship. (Pl.'s Petition 3-4.) Plaintiff's allegations closely track the elements of actionable fraud as set forth by the Oklahoma Supreme Court in *D&H Co. v. Shultz*, 579 P.2d 821, 824 (Okla. 1978) and Oklahoma Uniform Jury Instruction (Civil) No. 18.1. Thus, Plaintiff's petition, though perhaps less precise than

required by Oklahoma and federal pleading rules,[5] nevertheless arguably states a cause of action against Defendant Atkinson for fraudulent representations made during the sale of an insurance policy. Moreover, Defendants have failed to identify any Oklahoma statutory or case law immunizing an insurance agent from liability for his fraudulent representations made during the course of his employment. The Court therefore concludes that Defendants' have failed to establish, based solely on the technical insufficiency of Plaintiff's petition, that no possibility of a cause of action against Defendant Atkinson is possible, particularly where Plaintiff may amend her complaint to cure any technical insufficiency.

Defendants also argue that Plaintiff's fraud claim against Defendant Atkinson is factually impossible. Defendants rely in part of Plaintiff's assertion in her Response to Defendant Atkinson's Motion to Dismiss that "the Agent and the Plaintiff have only been in each others presence one time, when the policy was sold to her in her home on November 11, 2003." (Pl.'s Resp. Def.'s Mot. Dismiss #.) Defendants offer numerous affidavits and other exhibits in support of their position that "[Defendant] Atkinson was in Norman, Oklahoma on November 11, 2003" (Def.'s Resp. Pl.'s Mot. Remand 3) and that "[Defendant] Atkinson has never solicited an application for an insurance policy in anyone's home" (Def.'s Resp. Pl.'s Mot. Remand 5.) According to Defendants, this evidence conclusively demonstrates that Plaintiff may not recover

---

[5] Indeed, Defendants may have been better served to file a motion to dismiss Plaintiff's claims against Defendant Atkinson in state court. Thereafter, if Plaintiff was unable to amend its Petition so as to state a valid claim for relief against Atkinson under Oklahoma law, Defendants could have removed the action to this Court. *See* 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt . . . of an amended pleading . . . or other paper from which it may first be ascertained that the case . . . has become removable."). The very fact that Congress has expressly provided a mechanism by which defendants may remove cases to federal court within 30 days of their becoming removable, whether through dismissal of nondiverse defendants or otherwise, further counsels against applying the doctrine of fraudulent joinder based solely upon technical flaws in a plaintiff's initial pleadings.

against Defendant Atkinson.

Defendants' attack on the asserted date and location of Defendant Atkinson's alleged fraudulent representations, however, does not necessarily support Defendants' conclusion that Plaintiff's fraud claim against Defendant Atkinson is factually impossible under Oklahoma law. The Court notes that Plaintiff's original state court petition begins with the assertion that "[o]n or about November 11, 2003 the Plaintiff purchased the 5 Star Family Protection Plan . . . from Defendants, Steve E. Atkinson and 5 Star Life Insurance Company." (Pl.'s Petition ¶ 1.) This paragraph is incorporated by reference in Plaintiff's fraud count against both Defendants. (Pl.'s Petition 3.) The fact that Plaintiff subsequently neglects to include the "on or about" language when subsequently stating the date, either in the petition itself or in her response to Defendant Atkinson's Motion to Dismiss, does not itself establish that Defendant Atkinson's alleged fraudulent representations could only have occurred on November 11, 2003, when Defendants allege that Defendant Atkinson was out of town.

Given the Tenth Circuit's direction that the Court "pierce the pleadings, consider the entire record, and determine the basis of joinder *by any means available*," *Dodd*, 329 F.2d at 85 (emphasis added), the Court notes that Plaintiff has filed a Motion for Leave to File Amended Complaint asserting that "[d]ue to a misunderstanding between counsel . . . and Plaintiff, the original Petition was filed containing errors concerning where the errors occurred and the specific content of the statements" (Pl.'s Mot. Leave Amend. 1). In the proposed amended complaint, Plaintiff asserts:

> On or about November 11, 2003, at Muskogee Hospital in Muskogee, Oklahoma . . . [Defendant] Atkinson . . . represented to [Plaintiff] that despite her medical history of being diagnosed with melanoma in her eye in 1996 and being treated in 1997, she would

still qualify for and be eligible for coverage under the life and critical illness insurance policy.

(Pl.'s Mot. Leave Amend 6.) Plaintiff further seeks to amend her complaint to state that "Plaintiff told [Defendant Atkinson] she did not believe she would be eligible for coverage . . . because of her history with melanoma . . . [but] [Defendant] Atkinson . . . told her she would be eligible despite the history and that she should check 'No' on the medical questionnaire regarding treatment for cancer in the last five years." *Id*. Likewise, Defendants acknowledge that Defendant Atkinson was in Muskogee "on November 10, 2003 and the early morning of November 11, 2003" (Defs.' Resp. Pl.'s Mot. Remand 3-4), that Defendant Atkinson "was the agent that placed coverage with employees at Muskogee Regional Hospital" (Defs.' Resp. Pl.'s Mot. Remand 5), and that Defendant Atkinson asked Shannon Young, an employee of Defendant 5 Star, to accompany him on his visits to the hospital on November 10, 2003 through November 12, 2003 (Defs.' Resp. Pl.'s Mot. Remand 5-6). In addition, although Defendant Atkinson asserts that "Mr. Young presented the product in all of the meetings to Muskogee Regional employees," Defendant acknowledges that he "subsequently signed . . . application[s], including the Plaintiff's, as the agent" (Defs.' Resp. Pl.'s Mot. Remand 6).

Thus, in spite of Defendants reliance on Plaintiff's statement in response to Defendant Atkinson's Motion to Dismiss that the sale occurred "in [Plaintiff's] home on November 11, 2003" (Pl.'s Resp. Def.'s Mot. Dismiss 3), the Court concludes that based on the entire record and the likelihood that Plaintiff would be granted leave to amend her complaint to correct any factual errors in pleading, Defendants have failed to demonstrate that there is no factual possibility Plaintiff would be able to establish a valid claim against Defendant Atkinson under Oklahoma law.

Finally, Defendants seemingly argue that the parol evidence rule's merger doctrine somehow precludes the assertion of any claim against Defendant Atkinson based upon his alleged fraudulent representations relating to the policy's coverage of Plaintiff. Citing this Court's decision in *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272 (N.D. Okla. 2006), Defendants assert that "[o]ral discussions and pre-contract negotiations are merged, and superceded, by the terms of an executed writing." (Defs.' Resp. Pl.'s Mot. Summ. J. 6.) In *Slover*, this Court found that an insurance policy's comprehensive integration clause is "competent and enforceable against the insured under Oklahoma law." *Slover*, 443 F. Supp. 2d at 1281 (citing *Travelers Ins. Co. v. Morrow*, 645 F.2d 41, 44 (10th Cir. 1981)). Thus, the Court found the plaintiffs' attempt "to overlook the integration clause and challenge the policy . . . cannot lie [because] [p]laintiffs had a duty to read their policy, and their failure to do so 'does not relieve [them] from its provisions. *Id*.

As this Court also noted, however, "an allegation of fraud at the point of sale could overcome the parol evidence rule." *Id*. at 1282 (citing *Bonner v. Okla. Rock Corp.*, 863 P.2d 1176, 1180-1181 & n.14 (Okla. 1993)). In nevertheless finding that the plaintiffs in *Slover* could not state a claim for fraud against the named nondiverse defendants based upon subsequent representations concerning the policy's terms, the Court observed that because the nondiverse defendants named in Plaintiff's claim "did not participate in the sale of this policy, the exception to the parol evidence rule does not apply to them. Therefore, as to the non-diverse Defendants, the policy provisions themselves control." *Id*. In fact, the Court emphasized that "although the gravamen of [p]laintiffs' case appears to be fraudulent inducement to purchase the insurance policy at issue here, [p]laintiffs did not name the individual agent who sold them the policy in 1992, but only those individuals with whom they spoke in March 2003, when they began to

question the terms of their policy." *Id*. at 1278.

Thus, to the extent that Defendants seek support in *Slover* for the proposition that a plaintiff may not assert a fraud claim against an insurance agent for representations that are contrary to the terms of a fully integrated insurance policy, the Court finds the facts of *Slover* to be readily distinguishable from the present case, where Plaintiff alleges that Defendant Atkinson himself participated in the sale of the policy and that, during his participation, Defendant Atkinson made fraudulent representations that induced Plaintiff to purchase the policy. Although Defendants challenge Defendant Atkinson's presence and degree of participation in the sale of Plaintiff's insurance policy, as well as the supposed location of the policy's sale, such a challenge does not render impossible Plaintiff's assertion of a claim for fraud against Defendant Atkinson pursuant to Oklahoma law.

The Court recognizes that the state court may subsequently determine that Plaintiff has failed to state, or cannot state, a claim against Defendant Atkinson upon which relief may be granted. Nevertheless, this Court will not "pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Dodd*, 329 F.2d at 85. After resolving all disputed question of fact and ambiguities of law in favor of Plaintiff, the Court simply cannot conclude that there exists "*no possibility* that [Plaintiff] would be able to establish a cause of action against [Defendant Atkinson] in state court." *Montano*, 2000 WL 525592, at *1. Instead, the Court concludes that Defendants' have failed to meet their heavy burden of establishing that Defendant Atkinson was fraudulently joined in this action to defeat diversity. As such, the Court cannot ignore Defendant Atkinson's his presence in this case and its effect on the Court's diversity jurisdiction. In the absence of complete diversity between the parties, the Court concludes that it lacks subject

matter jurisdiction over this action and must remand the action to state court pursuant to 28 U.S.C. § 1447(c).

In her Motion to Remand, Plaintiff also requests that she be awarded "attorney fees and costs associated with responding to the Defendant's frivolous and baseless Notice of Removal." (Pl.'s Mot. Remand 2.) 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." As the U.S. Supreme Court recently noted:

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, ___ , 126 S. Ct. 704, 711 (2005) (emphasis added). In this case, Defendants decision to remove was precipitated, at least in part, by Plaintiffs' alleged failure to plead her fraud claims against Defendant Atkinson with sufficient particularity. Indeed, as noted above, Plaintiff admits in her Motion for Leave to File Amended Complaint that her petition as originally filed contained errors concerning both the whereabouts of the alleged fraud by Defendant Atkinson and the content of his statements. Moreover, the Court's conclusion that Defendants failed to provide sufficient evidence to establish the

fraudulent joinder of Defendant Atkinson does not necessarily imply that Defendants lacked an objectively reasonable basis for removal. Finally, neither § 1447(c) nor the U.S. Supreme Court's decision in *Martin* mandate that a district court must require payment of attorney's fees. Section 1447(c) leaves the decision of whether to award attorney's fees to the discretion of the Court. *See Huffman v. Saul Holdings Ltd. Partnership*, 262 F.3d 1128, 1132 (10th Cir. 2001). Under the circumstances present here, the Court chooses to exercise its discretion by denying Plaintiff's request for attorney fees and costs.

## Conclusion

For the reasons stated above, Plaintiff's Motion to Remand is hereby GRANTED in part and DENIED in part. The Court GRANTS Plaintiff's Motion to Remand insofar as it seeks to remand this case for lack of subject matter jurisdiction and DENIES Plaintiff's Motion to Remand insofar as it requests an award of costs and attorney fees associated with the removal of this case to federal court. The Court ORDERS the Clerk of Court to remand this case to the District Court of Pittsburg County.

IT IS SO ORDERED this 16th day of March, 2007.

James H. Payne
United States District Judge
Eastern District of Oklahoma